# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES E. COOKE, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 10-1014-LPS |
| : | |
| STEVEN P. WOOD, et al., : | |
| : | |
| Defendants. : | |

---

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for State Defendants.

## MEMORANDUM OPINION

April 21, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, awaiting retrial of criminal charges. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, and two counts of murder in the first degree. *Cooke v. State*, 977 A.2d 803 (Del. 2009). A jury found Cooke guilty on March 8, 2007, and the same jury, on March 21, 2007, unanimously voted to recommend imposition of the death penalty. *State v. Cooke*, Crim. Nos. IN-05-06-1529, IN-05-06-1530, IN-05-06-1531, IN-05-06-1532, IN-05-06-1533, IN-05-06-2390, IN-05-06-2391, IN-05-06-2392, IN-05-06-2393, 2007 WL 2129018 (Del. Super. June 6, 2007). The trial judge sentenced Plaintiff to death on June 6, 2007. *Id.* On July 21, 2009, the Delaware Supreme Court reversed the judgment of the Superior Court and remanded for a new trial. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff raises numerous claims relative to his criminal prosecution for actions occurring from 2005 to 2007, as well as actions taken after the reversal of his criminal conviction and sentence. He seeks compensatory damages.

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

3

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Statute of Limitations

The Complaint, at pages 3, 4, and A through G, raises claims for actions occurring from 2005 through 2007. These claims are time-barred.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Campanello v. Port Auth. of New York & New Jersey*, 590 F. Supp. 2d 694, 700 (D.N.J. 2008).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). However, when the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008) (not published).

Plaintiff filed his complaint on November 17, 2010.² The Complaint raises claims for actions that took place from 2005 through 2007. Plaintiff filed his complaint well over one-year after the expiration of the two-year limitation period. Hence, it is evident from the face of the Complaint that the claims on Pages 3, 4, and A through G are barred by the two-year limitations period. Therefore, the court will dismiss these claims as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.    State Actor**

Pages H, I, and J raise claims against private attorneys Jennifer K. Aaronson ("Aaronson"), Joseph Gabay ("Gabay")³, and Patrick Collins ("Collins"), as well as Delaware Public Defender Brendan O'Neill ("O'Neill"), private investigator Tom Monahan ("Monahan"), private psychologist Dr. Steve Eichel ("Eichel"), L.M.S.W. Melissa Lang ("Lang"), and private psychologist/psychiatrist Dr. Shae ("Dr. Shae"). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Public defenders do not act under color of state law when performing a lawyer's traditional functions as

---

²The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). This district has extended the mailbox rule to *pro se* § 1983 complaints. *See Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint was signed on November 17, 2010 and, therefore, must have been delivered to prison authorities for mailing on or after November 17, 2010. Thus, the Complaint was filed no earlier than November 17, 2010.

³Misspelled in the complaint as Gabey.

5

counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). The other defendants are either private criminal defense attorneys or private individuals who, in some fashion, have been involved in Plaintiff's criminal case, such as by conducting mental evaluations (not to Plaintiff's liking) or investigating his case. These private individuals are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Accordingly, Plaintiff's § 1983 claims against Aaronson, Gabay, O'Neill, Collins, Monahan, Eichel, Lang, and Dr. Shae have no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### C. Judicial Immunity

Plaintiff alleges that in December 2009, Defendant Superior Court Judge Jerome O. Herlihy ("Judge Herlihy") violated his constitutional rights when he signed an order returning Plaintiff to death row after his criminal conviction had been vacated. (D.I. 2 at H) While vague, Plaintiff also appears to allege that during a March 10, 2010 hearing, and in reference to a psychological evaluation, Judge Herlihy commented, "they were in the same position as they were in the first trial." (D.I. 2 at J)

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotation marks omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction." *Id.* (internal citations and quotation marks omitted).

Here the allegations against Judge Herlihy relate to actions he took in his judicial capacity. The Complaint contains no allegations that Judge Herlihy acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judge Herlihy is immune from suit. The claims against him lack an arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Prosecutorial Immunity

Pages H and J of the Complaint raise claims against Defendant Steven Woods (Woods), a prosecutor and Deputy Attorney General for the Delaware Department of Justice. More particularly, Plaintiff alleges that: (1) Woods sent a memo to Judge Herlihy regarding Plaintiff's return to death row; (2) Woods "let it be known that Judge Herlihy and his main office bosses would not allow [Plaintiff] to receive a fair trial"; (3) on March 10, 2010, with regard to Plaintiff's psychological evaluation Woods said, "they are in the same position as they was in the first trial;" (4) on or about September 10, 2010, Woods filed a motion regarding a conflict between Plaintiff and Woods; (5) on November 9, 2010 Woods requested the transfer of Plaintiff to the Delaware Psychiatric Center for an evaluation; and (6) Woods has schemed with Plaintiff's defense counsel "to do evil work."

It is well established that a state prosecuting attorney is absolutely immune from liability pursuant to 42 U.S.C. § 1983 when the prosecutor's actions are related to the initiation and prosecution of a criminal action. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as certain out-of-court behavior "intimately associated with the judicial

7

phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." *Imbler*, 424 U.S. at 431 n.33.

Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" for purposes of assessing immunity. *See Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* Absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* (internal citations omitted). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. *See Mancini v. Lester*, 630 F.2d 990, 993 (3d Cir. 1980).

The doctrine of absolute prosecutorial immunity also applies to conspiracy-based claims. *See, e.g., Savage v. Bonavitacola*, 2005 WL 568045 (E.D. Pa. Mar. 29, 2005) (stating plaintiff's allegation that district attorney and all other defendants acted in concert and conspired to deprive plaintiff of federal constitutional rights was dismissed as result of absolute prosecutorial immunity); *Hull v. Mallon*, 2001 WL 964115 (E.D. Pa. Aug. 21, 2001) ("When the underlying activity is cloaked with prosecutorial immunity, a conspiracy claim is similarly precluded . . .").

Here, Plaintiff alleges that Woods' actions violated his constitutional rights during the pretrial stages of his yet-to-be retried capital case. As described, the alleged acts occurred during judicial proceedings and required advocacy on the part of Woods. Therefore, these acts fall within the realm of prosecutorial functions. Hence, even if Plaintiff's allegations are true,

Woods is immune from liability. Plaintiff's claims against Woods have no arguable basis in law or in fact. The claims are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Petition

Attached to the Complaint is a "Petition" alleging that former Delaware Attorney General Mary Jane Brady ("Brady") "corrupted the D.A. office with a[n] organization of bad apples that she left behind. Loren C. Meyers, Paul R. Wallace, Steven P. Woods, Diane C. Walsh, [and] O'Neill." (D.I. 2 at Petition A) Plaintiff alleges that: (1) the Delaware Department of Justice has convicted more African Americans based on unethical racial methods in violation of due process; (2) indigent African-American defendants are appointed public defenders or private attorneys to defend their innocence and such representation is not satisfactory; and (3) during the past five years, ten African Americans have been charged with capital cases and five of them received the death penalty but in the two to four capital cases with white defendants, none of them received the death penalty.

The Petition also makes numerous complaints about Plaintiff's conditions of confinement, his representation in the criminal trial, and the tactics of the prosecution. It is signed by thirty-three inmates at the HYRCI, as well as Plaintiff, and requests Plaintiff's transfer to the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, "for his safety" so that he can prepare for his trial. It also requests that Plaintiff's retrial be held in a state other than Delaware.

Initially the Court notes that none of the individuals who signed the petition, save Plaintiff, have standing. "The 'core component'" of the requirement that a litigant have standing

to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp.*, 126 S.Ct. at 1867. The thirty-three inmates have no injury but seek relief on behalf of Plaintiff. They do not have standing to obtain the relief requested.

Additionally, the Petition is deficiently plead, particularly with regard to race discrimination. The Petition speaks in generalities and is not specific as to Plaintiff, contains conclusions of law, and fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(1) sufficient to make a "showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Phillips*, 515 F.3d at 234. The Court notes that while Plaintiff alleges race discrimination and expresses dissatisfaction with court appointed counsel, his conviction was successfully overturned on appeal by court appointed counsel. Similar to the body of the Complaint, the attached Petition contains allegations directed towards defense counsel and the prosecuting attorney. As previously discussed, defense counsel is not considered a state actor and the prosecuting attorney has absolute prosecutorial immunity.

To the extent that Plaintiff requests his retrial be held outside the State Delaware, said request is beyond the purview of this court. To the extent that Plaintiff seeks a transfer to the VCC, said claim does not rise to the level of a constitutional violation. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing

*Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

For the above reasons, the Court will dismiss the claims in the Petition as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.